P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

40,661-29

DATE 12-19-14

RE. EXTRA ORDINARY WRIT

RE: TRIAL COURT NO C-432-010082-1197286-A

RE: WR-40,661-29 DARNELL, ELIGAH JR.

CLERK, ENCLOSED IS EXTRAORDINARY WRIT WITH ATTACHMENT. PLEASE FILE WITH THE COURT.

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**DEC 30 2014**

Abel Acosta, Clerk

RESPECTFULLY,

*[signature]*

APPLICANT

ELIGAH DARNELL JR #1695278

CLEMENTS UNIT

9601 SPUR 591

AMARILLO, TEXAS 79107-9606

TRIAL COURT NO. 432-1197286

| | | |
|---|---|---|
| ELIGAH DARNELL JR | § § § § § § § § | TEXAS COURT OF CRIMINAL APPEALS<br><br>STATE OF TEXAS |

## EXTRA ORDINARY WRIT

TO THE HONORABLE JUDGES OF SAID COURT COMES NOW, ELIGAH DARNELL JR, THE DEFENDANT IN THE ABOVE NUMBERED AND STYLED CAUSE AND FILES EXTRA ORDINARY WRIT OF HABEAS CORPUS SEEKING RELIEF FROM JUDGMENT AND RECALL OF MANDATE ON WR-40-661-29 - TRIAL COURT NO. C-432-010082-1197286-A. IN SUPPORT, THE APPLICANT PROVIDES AS FOLLOWS:

## PREVIOUS FILING

AN APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS UNDER ART. 11.07 CODE OF CRIMINAL PROCEDURE WAS FILED IN THE 432ND DISTRICT COURT TARRANT COUNTY, TEXAS STYLED EX PARTE ELIGAH DARNELL - C-432-010082-1197286-A.

THE STATE RECOMMENDED DENIAL ON PROCEDURAL GROUNDS BASED ON THIS COURTS DECISION IN EX PARTE TORRES 943 S.W.3d 469, 475 (TEX.CRIM.APP.1997).

## RECORD SUPPORT

THE RECORD IN THIS CASE DOES NOT SUPPORT THE STATE THEORY AS PROVEN BY THE STATE BRIEF TO THE SECOND COURT OF APPEALS ON DIRECT APPEAL. SEE (ATTACHMENT. A). MORE SPECIFICALLY, THE STATE ARGUED: APPELLANT MAKES SEVERAL ALLEGATIONS OF INEFFECTIVE ASSISTANCE. THEY ARE ALL MERITLESS FIRST BECAUSE THEY ARE BASED ON UNSUPPORTED FACTUAL ASSERTIONS WHICH ARE OUTSIDE THE RECORD...

SECOND, APPELLANTS' CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL MUST BE REJECTED BECAUSE HE HAS FAILED TO BRING FORWARD A RECORD SUPPORTING HIS CLAIM. THE RECORD IS SILENT AS TO COUNSELS REASONS OR STRATEGY REGARDING THE CHALLEN-GED ACTIONS (AND POSSIBLE INACTIONS). WITHOUT A RECORD SHOWING COUNSELS EXPLANATIONS FOR APPELLANTS PRESENT ACCUSATIONS, APPELLANT HAS FAILED TO OVERCOME THE PRESUMPTION THAT THE CHALLENGED ACTIONS CONSTITUTES SOUND TRIAL STRATEGY AND HIS CLAIMS MUST FAIL. (CITING) BONE V STATE 77 S.W.3d 828, 836 (TEX.CRIM.APP. 2002).

THERE IS NO RECORD SUPPORT FOR THE STATES RECOMMENDATION TO THIS COURT AS EVIDENCED BY THE STATES OWN BRIEF THAT WAS SUBMITTED ON DIRECT APPEAL.

## PRECEDENT

THIS COURTS OWN PRECEDENT DOES NOT SUPPORT THE STATES RECOMMENDATION OR THE FINDINGS AND JUDGMENT OF THE COURT. SEE THOMPSON V STATE 9 S.W. 3d 808 (TEX. CR. APP. 1999) THE THOMPSON COURT HELD IT WAS ERROR TO ADDRESS (COURT OF APPEALS) THE INEFFECTIVE ASSISTANCE CLAIM BECAUSE THERE WAS NO EVIDENCE IN THE RECORD OF TRIAL COUNSELS' STRATEGY IN CONFLICT WITH DECISIONS OF THIS COURT, AT 812. WITHOUT EXPANSION OF THE RECORD, THE APPLICANT IS HINDERED IN HIS RIGHT TO SATISFY HIS BURDEN TO REBUT THE PRESUMPTION THAT COUNSEL ACTED REASONABLE IN HIS REPRESENTATION AT TRIAL.

## APPLICANT'S BURDEN

The applicant must show by a preponderance of the evidence (1) that counsel's representation fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the defense. Strickland v Washington 466 U.S. 668 (1984). This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. McFarland v State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992).

The applicant's case presents, in compelling terms, a breakdown in the adversarial system of justice that promised a fair trial and accurate result, yet failed to deliver on either count.

## RELIEF REQUESTED

THE APPLICANT SEEKS A FAIR OPPORTUNITY TO DEVELOP THE RECORD WITH EVIDENCE IN SUPPORT OF HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, THE APPLICANT PRAYS THE COURT RECALL IT'S MANDATE, REMAND BACK TO THE TRIAL COURT, ORDER EVIDENTIARY ON THE APPLICANTS' INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

ON THIS ___19TH___ DAY OF

DECEMBER___ 20_14___

RESPECTFULLY,

_Elijah Darrell Jr_
_____
APPLICANT

**STATE'S REPLY TO APPELLANT'S TENTH THROUGH THIRTY-FOURTH POINTS OF ERROR:**

*Ineffective assistance*

Appellant makes several allegations of ineffective assistance. They are all meritless first because they are based on unsupported factual assertions which are outside the record. *See* Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985), *cert. denied*, 475 U.S. 1031 (1986); *see also* Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (statements and assertions contained in an appellate brief cannot be accepted as fact).

Second, Appellant's claims of ineffective assistance of counsel must be rejected because he has failed to bring forward a record supporting his claim. *See* Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). The record is silent as to counsel's reasons or strategy regarding the challenged actions (and possible inactions). Without a record showing counsel's explanations for Appellant's present accusations, Appellant has failed to overcome the presumption that the challenged actions constituted sound trial strategy and his claims must fail. *See* Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813-14.

Third, some of Appellant's claims of poor strategy are based on his already-discredited legal theory that indecency with a child is not a reportable conviction. Contrary to Appellant's view, it would probably have been unprofessional for any licensed attorney to proceed to defend Appellant based on this strategy.

13